# IN THE COURT OF APPEALS OF IOWA

No. 14-2086
Filed August 5, 2015

IN RE THE MARRIAGE OF ERNEST PAUL MCGACHEY
AND STEPHANIE ELAIN MCGACHEY

Upon the Petition of
ERNEST PAUL MCGACHEY,
    Petitioner-Appellee,

And Concerning
STEPHANIE ELAIN MCGACHEY,
n/k/a GILLAND,
    Respondent-Appellant.
_____

Appeal from the Iowa District Court for Wapello County, Annette Scieszinski, Judge.

A mother appeals from the order modifying visitation pursuant to Iowa Code section 598.41D (2013) to assign the father's weekend visitation to his family while he is deployed. **AFFIRMED.**

Cynthia D. Hucks of Box & Box Attorneys, Ottumwa, for appellant.

Jeffrey R. Logan and Patrick Francis Curran of Curran Law Office, Ottumwa, for appellee.

Considered by Potterfield, P.J., and Tabor and McDonald, JJ.

**MCDONALD, J.**

Stephanie Gilland f/k/a McGachey and Ernest ("Paul") McGachey divorced in 2007. At that time, Paul was an active duty service member in the United States Air Force stationed in Arizona. The stipulated decree of dissolution awarded Paul visitation with the parties' child, W.M., when Paul was on leave and in Iowa. After the parties divorced, Paul continued his military service, and his current term of service expires on February 2, 2017.

In 2013, Stephanie filed her petition to modify the dissolution decree, seeking an increase in the amount of Paul's child support obligation. Paul filed his cross-petition to modify the visitation provisions of the decree. Specifically, Paul sought to increase his visitation with W.M. and sought to assign his visitation rights, pursuant to Iowa Code section 598.41D (2013), to his mother during those times Paul was on active duty and stationed outside Iowa. Section 598.41D(1) provides "a parent who has been granted court-ordered visitation with the parent's minor child may file . . . a petition for modification of an order regarding child visitation, prior to or during the time the parent is serving active duty in the military service of the United States, to temporarily assign that parent's visitation to a family member of the minor child, as specified by the parent." This statutory entitlement was passed by the legislature in 2010. *See* 2010 Iowa Acts ch. 1168, §§ 2, 3 (codified at Iowa Code § 598.41D (2011)).

At the modification trial, Paul testified telephonically that he was deployed outside the United States but that his duty station was confidential. The parties stipulated as to the amount of the monthly child support obligation. On the

visitation issue, the district court found that there had been a material change in circumstances since the dissolution decree and that modification of the visitation provisions would be in the best interest of W.M. Among other things, the district court increased Paul's visitation with W.M. to one weekend per month (Friday through Sunday) and ordered that Paul be entitled to reasonable telephone and Internet contact with W.M. The district court also ordered that Paul's monthly weekend visitation be assigned to Paul's mother pursuant to Iowa Code section 598.41D. Stephanie timely filed this appeal. Our review is de novo. *See* Iowa R. App. P. 6.907; *see In re Marriage of Sisson*, 843 N.W.2d 866, 870 (Iowa 2014).

Stephanie contends the modification should not have been granted because the petition was unsupported by the necessary affidavit. *See* Iowa Code § 598.41D(1) (providing the "petition shall be accompanied by an affidavit from the family member indicating the family member's knowledge of the application or petition and willingness to exercise the parent's visitation during the parent's absence"). We need not resolve the issue on the merits. Stephanie never raised this or any other procedural defect related to section 598.41D in the district court. Error is not preserved. *See In re Marriage of Winegard*, 257 N.W.2d 609, 613 (Iowa 1977) (stating "it is our responsibility to review the facts as well as the law and determine from the credible evidence rights anew on those propositions properly presented, provided issue has been raised and error, if any, preserved in the trial proceedings").

Stephanie also contends the district court impermissibly modified the visitation provisions by awarding Paul visitation while he was overseas and could not exercise the same. On de novo review, we affirm the modification. There has been a material change in circumstances since the dissolution decree: Paul is deployed overseas in a confidential location with limited ability to return home for leave; a statutory right to assign his visitation rights to a family member was created since the time of the decree; the evidence showed a deteriorating relationship between Stephanie and Paul's mother; and the evidence showed Stephanie was not facilitating communication between Paul and W.M. The district court concluded, and we agree, it is in W.M.'s best interests to have increased contact and communication with his father and his father's family. Finally, we note the statute specifically contemplates the modification action sought in this case. *See* Iowa Code § 598.41D(1) ("The application or petition shall also request any change in the visitation schedule necessitated by the assignment."); Iowa Code § 598.41D(4)(a) ("The court may grant the parent's request for temporary assignment of visitation or physical care parenting time and any change in the visitation or physical care parenting time schedule requested if the court finds that such assignment of visitation or physical care parenting time is in the best interest of the child.").

We have considered the parties' arguments, whether or not set forth in full herein, and we affirm the judgment of the district court without further opinion. *See* Iowa Ct. R. 21.26(1)(d) and (e).

**AFFIRMED.**